**UNITED STATES v. LANG et al.**

Criminal No. 38425.

District Court, E. D. New York.

Oct. 8, 1947.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Leo Waalen, pro se.

BYERS, District Judge.

The defendant Waalen, acting for himself, filed on September 2, 1947, what he terms a "Motion to set aside illegal sentence". The judgment was dated January 2, 1942, following a verdict of guilty under both counts of an indictment charging this and several other defendants with having conspired to violate Title 22 U.S.C.A. § 233, and Title 50 U.S.C.A. § 32, within § 34. The trial was had before the undersigned, to whom the motion has been referred.

No appeal was taken by this defendant, although two of his co-defendants did appeal, the first without success, while the second prevailed in the appellate court, as to the second branch of the case: United States v. Ebeling, 2 Cir., 146 F.2d 254; United States v. Heine, 2 Cir., 151 F.2d 813.

Passing the question of the court's lack of power to take any action at this remote time, to correct alleged errors of law as the defendant portrays them, it has been deemed proper to probe the record for possible merit, in the humane sense, of the defendant's contentions.

He says in effect that he was no more guilty than Heine, and if the latter's conviction of the conspiracy to violate Title 50 U.S.C.A. § 32 was set aside, he should have the benefit of that decision although he did not participate in the appeal.

One of the documents that Waalen procured from his employer's possession was Government Exhibit No. 250, a highly confidential governmental publication, which could be classed by no stretch of the imagination as the kind of material which the opinion in the Heine case seems to hold could be freely transmitted to a foreign government.

It is unnecessary to recount the testimony touching the removal of the serial number from that pamphlet, and the writing thereon with Waalen's typewriter of "Fink 1, 1940". He was so completely identified with it, and it was so obviously intended by him to find its way to his principals in Germany, that the jury could scarcely have failed to return a verdict of guilty against him.

He was represented by diligent counsel throughout, and the failure to take an appeal from the judgment of conviction may well have been prudent.

The Heine case does not discuss the proposition which I had supposed to be a well recognized principle in the law of conspiracy, that an act innocent in itself, which is knowingly performed for the purpose of furthering an unlawful conspiracy, is sufficient to implicate the doer in the con-

spiracy, and to support his conviction as a conspirator.

If all that Waalen was proved to have done (which is not the case) was to wear a designated flower in his coat, at a designated time and place, for the purpose of furthering a conspiracy of which he was a part, to transmit information relating to the national defense, to the advantage of a foreign nation, the verdict against him would be legal and just. What he was shown to have done was very much more.

Motion denied. Submit order.